

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

ENTERED
02/21/2019

| | | |
|---|---|---|
| IN RE: | § | |
| ABC DENTISTRY, P.A., *et al* | § | **CASE NO: 16-34221** |
| Debtors | § | |
| | § | **CHAPTER 11** |
| | § | |
| SAEED ROHIFARD | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 18-3205** |
| | § | |
| BREWER & PRICHARD, P.C., *et al* | § | |
| Defendants | § | |

## MEMORANDUM OPINION

Dr. Saeed Rohifard filed suit against attorneys from the law firm of Brewer & Pritchard, P.C., on June 4, 2018 in state court.  Rohifard's complaint alleged that Brewer & Pritchard committed breaches of their contractual and fiduciary duties stemming from their representation of Rohifard in a qui tam suit in ABC Dentistry, P.A.'s 2017 bankruptcy case.

Brewer & Pritchard filed a motion with this Court to reopen ABC's bankruptcy case, remove Rohifard's state lawsuit, and dismiss Rohifard's suit based on the res judicata effect of this Court's prior Order, issued on November 7, 2017.  Rohifard filed a motion challenging this Court's jurisdiction to adjudicate the dispute with Brewer & Pritchard, arguing that mandatory and permissive abstention apply.

Rohifard's motions for mandatory and permissive abstention are denied.

Brewer & Pritchard's motion to dismiss is granted.

## Background

ABC Dentistry filed its chapter 11 bankruptcy petition on August 26, 2016.  (Case No. 16-34221; ECF No. 1).  When ABC filed for bankruptcy, a lawsuit filed by Rohifard against

ABC and Dr. Iraj Jabbary was pending in state court. (ECF No. 2 at 2). Rohifard's suit was filed under the Texas False Claims Act and alleged that ABC, Jabbary, and other dentists had committed Medicaid fraud while employed at ABC. (ECF No. 17 at 5). The Texas False Claims Act contains a qui tam provision, which allows an individual to file suit on behalf of the State and entitles that individual to a percentage of any damages the State recovers from that suit. *See* TEX. HUMAN RESOURCES CODE § 32.039. The attorneys representing Rohifard in the qui tam action, J. Mark Brewer and A. Blaire Hickman from the law firm of Brewer & Pritchard, P.C., agreed to represent Rohifard under a contingency agreement, which entitled the attorneys to collect a percentage of any gross recovery Rohifard obtained. (ECF No. 17 at 5).

After ABC filed for bankruptcy, the state court suit was removed to this Court as an adversary proceeding within ABC's bankruptcy case. (ECF No. 2 at 2). The Court ordered the parties involved in the qui tam suit to mediation on November 16, 2016. The mediation produced an initial settlement offer of $3,500,000.00. (ECF No. 2 at 3). Although the State of Texas did not participate in the mediation, the parties could not enter into a settlement without the State's approval. (ECF No. 2 at 3). The State refused to consent to the $3,500,000.00 settlement offer. (ECF No. 2 at 3).

On July 26, 2017, the Court ordered the parties to a separate mediation for the qui tam dispute. The Court compelled the State's participation in the second round of mediation. (ECF No. 2 at 3). The parties reached an acceptable offer after ABC increased its proposed settlement payment to $4,000,000.00. (ECF No. 2 at 3). Although the parties agreed to the total settlement amount, the terms of the settlement did not apportion the proceeds among the parties. (ECF No. 2 at 3).

Despite lengthy negotiations, the parties failed to reach an agreement on the proper allocation of the settlement proceeds. The State claimed that the common fund doctrine should not apply to the settlement and that Rohifard was entitled to a pro rata distribution of his qui tam claims. (Case No. 16-34221; ECF No. 335 at 1–2). Additionally, the State objected to the payment of Rohifard's attorney's fees, arguing that a fee award violated the 30% cap under the Texas statute. (Case No. 16-34221; ECF No. 335 at 9–10).

Rohifard proposed a division which treated the settlement as a common fund and allocated the proceeds by first deducting Rohifard and the State's individual claims in full, then deducting attorney's fees based on contingency agreements, and finally allocating the remaining proceeds 30% to Rohifard and 70% to the State. (Case No. 16-34221; ECF No. 334 at 10).

On November 7, 2017, the Court held a hearing to determine the appropriate division of the settlement proceeds. (ECF No. 2 at 4). All parties were present at this hearing, including the State, Dr. Rohifard, and attorneys from Brewer & Pritchard. (ECF No. 2 at 4). At the conclusion of the hearing, the parties consented to the Court's allocation of the settlement proceeds and waived their right to an evidentiary hearing and appeal. (November 7, 2018 Hearing at 2:21 p.m.). The Court then issued its oral ruling which divided the $4,000,000.00 settlement among the parties in the following amounts:

| Party | Amount |
|---|---|
| State of Texas | $1,599,000.00 |
| Dr. Rohifard | $720,000.00 |
| Attorneys (to be divided by the attorneys pursuant to their own agreement) | $1,681,000.00 |
| **Total Recovery** | **$4,000,000.00** |

(November 7, 2018 Hearing at 1:56 p.m.).

At first blush, it might appear that Brewer & Pritchard received far more than a fair share of Rohifard's proceeds. But, for reasons not challenged by any party, the Court determined that

the attorney's fees should be calculated on the entire award—including the amount payable to the State of Texas.  In that context, the fees are reasonable.  This table shows the sequential division:

| Description | Amount | Percentage of Gross |
|---|---|---|
| Gross settlement | $4,000,000.00 | 100.000% |
| Attorney's fees based on gross settlement | $1,600,000.00 | 40.000% |
| Attorney's expenses | $81,000.00 | 2.0250% |
| Share to State of Texas | $1,599,000.00 | 39.975% |
| Share to Rohifard | $720,000.00 | 18.000% |

An alternative view presents a similar mathematical explanation:

| Description | Distributions | Attys fees on this portion of award at 40% | Net to Texas and Rohifard |
|---|---|---|---|
| Gross settlement | $4,000,000.00 | n/a | n/a |
| Expenses and fees | $81,000.00 | $54,000.00 | n/a |
| Net award (less expenses and fees) | $3,865,000.00 | n/a | n/a |
| Division of net award to Texas | $2,665,000.00 | $1,066,000.00 | $1,599.000.00 |
| Division of net award to Rohifard | $1,200,000.00 | $480,000.00 | $720,000.00 |
| Attorney's fees total | n/a | $1,600,000.00 | n/a |

Once it is recognized (as this chart demonstrates) that this dispute revolves around whether Brewer & Pritchard could earn fees on the State's award, it is apparent that the Court is enforcing its Order issued on November 7, 2017.

With the adversary proceeding resolved, ABC confirmed its plan of reorganization on December 13, 2017, and began making quarterly payments to the Court's registry in accordance

with the terms of the agreed settlement and its Confirmed Plan. (ECF No. 2 at 3). By December 2017, $660,377.64 was deposited in the Court's registry and disbursements to the parties began in accordance with the Court's November 7, 2017 Order. (ECF No. 2 at 5).

These disbursements led to a dispute between Rohifard and his attorneys at Brewer & Pritchard regarding the division of the funds. Brewer & Pritchard argues that the Court's Order allocated the entire $1,681,000.00 as payable to them for legal services provided, while Rohifard's recovery was established at $720,000.00. Conversely, Rohifard argues that the Court's Order entitled him to a total recovery of $2,401,000.00 (consisting of *his award* of $720,000.00 along with *his attorney's fees* of $1,681,000.00) while Brewer & Pritchard were entitled to a certain percentage of that amount in accordance with the contingency fee arrangement the parties entered into to prosecute the qui tam action. (ECF No. 2 at 5).

This dispute between the parties grew until Rohifard filed suit on June 4, 2018 in state court, alleging breach of contract, breach of fiduciary duty, violations of the Texas Deceptive Trade Practices and Theft Liability Acts, and money had and received. (ECF No. 17 at 8). Before answering Rohifard's complaint, Brewer & Pritchard filed a motion with this Court to reopen ABC's bankruptcy case and remove Rohifard's state court lawsuit. (ECF No. 17 at 9). The Court provisionally granted Brewer & Pritchard's motion to reopen the bankruptcy case but reserved the question of whether the Court had jurisdiction and authority to adjudicate this dispute. (Case No. 16-34221; ECF No. 392).

Brewer & Pritchard filed a motion to dismiss, arguing that the Court's November 7, 2017 Order allocated the settlement proceeds among the parties, thus barring Rohifard's current state court suit under res judicata. (ECF No. 2). Rohifard filed a motion to remand and abstain,

alleging that the Court lacks jurisdiction to decide this dispute and that mandatory and permissive abstention are applicable.

### Jurisdiction

The District Court is vested with original and exclusive jurisdiction for all cases under title 11 as well as original (but not exclusive jurisdiction) for cases arising under, arising in, or related to title 11.  28 U.S.C. § 1334(a), (b).  The Court has continuous jurisdiction to interpret and enforce its own orders.  *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (citing *Local Loan Co. v. Hunt*, 292 U.S. 234, 239 (1934)).

### Analysis

Rohifard challenges whether "related to" jurisdiction exists to confer this Court with jurisdiction to adjudicate this dispute.  Rohifard argues that this dispute arose after the Court's November 7, 2017 Order divided the settlement proceeds.  (ECF No. 14 at 16).  To Rohifard, resolving this dispute requires interpreting his contingency fee agreement with Brewer & Pritchard, which is inherently a state law matter, does not invoke bankruptcy law, has no effect on the bankruptcy estate, and does not attack the Court's ruling.  (ECF No. 14 at 11).  Consequently, neither arising in, arising under, nor related to jurisdiction exists.  (ECF No. 14 at 11–17).

Brewer & Pritchard present the opposite view, framing this dispute as a pure question of interpretation of the Court's November 7, 2017 Order which divided the settlement proceeds among the parties.  (ECF No. 21 at 11).

If the dispute between the parties consists of resolving the contract between Rohifard and Brewer & Pritchard, Rohifard's view is correct and the Court lacks jurisdiction to adjudicate the dispute.  Conversely, if the dispute is based on the Court's enforcement of the November 7, 2017

Order, the Court has continuing jurisdiction to interpret and enforce its own orders.  *Travelers Indemn. Co.*, 557 U.S. at 151 (2009); *In re Cano*, 410 B.R. 506, 546 (Bankr. S.D. Tex. 2009).

Rohifard's own motion to remand and abstain illustrates the true focus of the dispute. After the Court issued its ruling dividing the settlement proceeds, Rohifard claims that he accepted the settlement offer on the belief that "the attorney's fees paid to [Brewer & Pritchard] by and through [Rohifard's] claims would be placed into the 'gross recovery' which would then be divided in accordance with the terms of the contingency fee agreements."  (ECF No. 14 at 6). Despite Rohifard's claims that the focus of this dispute is on his attorney client agreement with Brewer & Pritchard, Rohifard's own pleadings demonstrate that the dispute lies in the interpretation of the Court's Order dividing the settlement proceeds.  (ECF No. 14 at 6).  On one hand, Rohifard believed the Court's ruling entitled him to $2,401,000.00, while Brewer & Pritchard believed he was only entitled to $720,000.00.  Accordingly, the underlying dispute centers on the interpretation of the Court's November 7, 2017 Order, conferring it with "arising in or under" jurisdiction under 28 U.S.C. § 1334(b).  *Travelers Indemn. Co.*, 557 U.S. at 151.

### **Mandatory Abstention**

Bankruptcy courts are courts of limited jurisdiction and are competent to hear cases arising in, arising under, or related to title 11.  28 U.S.C. §§ 157(a), 1334(b); *Stern v. Marshall*, 564 U.S. 462, 473 (2011).  Mandatory abstention, which is defined by statute, marks the boundaries where a bankruptcy court may exercise this jurisdiction and requires that a court remand proceedings in cases where:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an

action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c).

The Fifth Circuit has interpreted this statute to require mandatory abstention when: "(i) the claim has no independent basis for federal jurisdiction other than § 1334(b); (ii) the claim is a non-core proceeding . . .; (iii) an action has been commenced in state court; and (iv) the action could be adjudicated timely in state court." *In re Moore*, 739 F.3d 724, 728–29 (5th Cir. 2014) (quoting *In re TXNB Internal Case*, 483 F.3d 292, 300 (5th Cir. 2007)).

Rohifard argues that mandatory abstention applies to this case because the dispute is a state law claim based on alleged breach of contract and Texas state law, rendering this a non-core proceeding which is subject to mandatory abstention. (ECF No. 14 at 18). However, when an order resolves a core proceeding, the interpretation and enforcement of that order is also a core proceeding. *Travelers Indemn. Co.*, 557 U.S. at 151 (holding that bankruptcy court had subject matter jurisdiction to issue a clarifying order interpreting a prior order); *FormTech Indus., LLC v. Magna Powertrain USA, Inc. (In re FormTech Indus., LLC)*, 439 B.R. 352, 357 (Bankr. Del. 2010).

Before finding that jurisdiction exists to the enforce or interpret its own prior orders, the Court must determine the source of its jurisdiction which existed when the original order was issued. *Travelers Indemn. Co.*, 557 U.S. at 151–53 (examining whether bankruptcy court had initial subject matter jurisdiction to issue a clarifying order interpreting a prior order). The Court's November 7, 2017 Order resolved the qui tam action against ABC and divided the $4,000,000.00 of settlement proceeds from ABC's bankruptcy estate. The Order addressed a question that was within its core jurisdiction under 28 U.S.C. § 157 (b)(2)(A), (L), and (O) as "matters concerning the administration of the estate" and "proceedings affecting the liquidation

of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship." This brings the Court's original Order within "arising in or under" jurisdiction, conferring the Court with jurisdiction to interpret and enforce that Order.

## Permissive Abstention or Equitable Remand

Rohifard also argues that the doctrines of permissive abstention or equitable remand weigh in favor of remanding this dispute for adjudication in state court even if jurisdiction exists. (ECF No. 14 at 20). Rohifard claims that because there is no effect on the administration of ABC's bankruptcy estate and that his causes of action are based on state law claims, the equities of his suit weigh in favor of permissive abstention. (ECF No. 14 at 21–24).

The majority of Rohifard's arguments frame his claim as a dispute over the contingency fee agreement with Brewer & Pritchard. However, as described above, the heart of this dispute involves the interpretation of the Court's November 7, 2017 Order which divided the settlement proceeds. The interpretation of the contingency fee contract between Rohifard and Brewer & Pritchard is not in dispute. As set forth in detail below, the Court applied the contract's provisions when it issued the November 7, 2017 Order. Any interpretive disputes were resolved by the Order. Rohifard's argument that permissive abstention and equitable remand weigh in favor of remanding the dispute to state court are denied.

## Motion to Dismiss

Having determined that jurisdiction exists for the Court to adjudicate this dispute, the Court addresses Brewer & Pritchard's motion to dismiss. (*See* ECF No. 2).

## Rule 12(b)(6) Standard

The Court reviews motions under Rule 12(b)(6) "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Stokes v. Gann*, 498 F.3d

483, 484 (5th Cir. 2007) (per curiam).  However, the Court "will not strain to find inferences favorable to the plaintiff."  *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (internal quotations omitted).

To avoid dismissal for failure to state a claim, a plaintiff must meet Fed. R. Civ. P. 8(a)(2)'s pleading requirements.  Rule 8(a)(2) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Ashcroft v. Iqbal,* the Supreme Court held that Rule 8(a)(2) requires that "the well-pleaded facts" must "permit the court to infer more than the mere possibility of misconduct."  556 U.S. 662, 679 (2009) (quoting Rule 8(a)(2)).  "Only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  "[A] complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level."  *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (internal quotation marks removed).

### *Res Judicata*

Brewer & Pritchard argue that res judicata bars the re-litigation of Rohifard's claims because this Court's November 7, 2017 Order dividing the settlement proceeds constitutes a final order which is not subject to collateral attack.  (ECF No. 2 at 9).  Rohifard responds that the Court's Order fails to meet the standard for res judicata and as a result, the Court should allow his litigation against Brewer & Pritchard to proceed.  (ECF No. 17 at 10–20).

Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  Res judicata "bars the litigation of claims

that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).  The party asserting res judicata must establish four elements: (i) that the parties are either identical or in privity; (ii) the court entering the prior judgment had appropriate jurisdiction; (iii) the prior suit was adjudicated with a final action on the merits; and (iv) both suits involve the same causes of action.  *Hous. Prof. Towing Ass'n v. City of Hous.*, 812 F.3d 443, 447 (5th Cir. 2016) (quoting *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013)).

### *Identity of Parties*

In order for res judicata to bar subsequent litigation, the parties to the prior suit must be identical or in privity with one another.  *Id.*  Brewer & Pritchard argue that the privity of the parties is established because the Court's Order determined Rohifard's rights as well as Brewer & Pritchard's rights.  (ECF No. 2 at 11–12).  Rohifard claims that as his attorneys, Brewer & Pritchard were not parties in the underlying proceeding and cannot establish identity of parties for res judicata.  (ECF No. 17 at 10–11).

However, Rohifard's argument fails to consider the assignment clause within the contingency fee agreement between Rohifard and Brewer & Pritchard.  The contract states:

> Client hereby grants to J. Mark Brewer an express interest in and to all Client's claims arising out of the above-referenced claims and any recovery received thereon . . . .  Client does hereby authorize counsel to receive the proceeds of any settlement or payment of any judgment, to retain that portion of the recovery which represents fees. . . .  It is understood and agreed that the conveyance of such interest is a present assignment of an interest in the claim.

(ECF No. 17-1 at 3).  Contingency fee agreements between attorneys and clients are construed as granting property rights under Texas law.  *Marre v. U.S.*, 117 F.3d 297, 307 (5th Cir. 1997).  The assignment clause provided Brewer & Pritchard with an interest in the outcome of the qui tam

suit upon execution.  (ECF No. 17-1 at 3).  Brewer & Pritchard were legally entitled to a recovery under a successful suit or settlement.

When the Court issued its November 7, 2017 Order, Brewer & Pritchard obtained a vested property right in the settlement and estate property, making them parties to the Court's Order.  *See In re Dykeswill, Ltd.*, 365 B.R. 683, 688 (Bankr. S.D. Tex. 2007).  Accordingly, Brewer & Pritchard have satisfied the first requirement of res judicata.

### Prior Judgment by a Court of Competent Jurisdiction

The second element of res judicata requires that the prior judgment was entered by a court of competent jurisdiction.  *Hous. Prof. Towing Ass'n v. City of Hous.*, 812 F.3d 443, 447 (5th Cir. 2016).  In conjunction with his motion to remand and abstain, Rohifard alleges that this Court lacks jurisdiction to adjudicate his state law claims against Brewer & Pritchard.  (ECF No. 17 at 12).  However, as discussed earlier, neither mandatory nor permissive abstention applies to this dispute because the focus of the dispute lies in the interpretation of the Court's November 7, 2017 Order rather than the interpretation of the agreements between Rohifard and Brewer & Pritchard.  Additionally, although Rohifard challenges the Court's jurisdiction to adjudicate his current claims against Brewer & Pritchard, he fails to challenge the Court's jurisdiction over the initial Order which divided the settlement proceeds among the parties including Rohifard and Brewer & Pritchard specifically.  Accordingly, the Court has continuing jurisdiction to interpret and enforce its own order.  The second element of res judicata is satisfied.

### Final Judgment on the Merits

Res judicata may only preclude a cause of action if the first action resulted in a final judgment on the merits.  *Hous. Prof. Towing Ass'n*, 812 F.3d at 447.  Rohifard argues that no final judgment took place in the Court's November 7, 2017 Order because no fee application or

hearing were held to determine the reasonableness of Brewer & Pritchard's claimed fees. (ECF No. 17 at 14). Brewer & Pritchard argue that a final judgment on the merits occurred when the Court issued its November 7, 2017 Order and divided the settlement proceeds. (ECF No. 2 at 13).

A similar issue was presented in *Sommers v. Vaught (In re Wilson)*, No. 06–3078, 2007 WL 1040565, at *3 (Bankr. S.D. Tex. Mar. 30, 2007). The Trustee filed a claim against defendants under the Texas Theft Liability Act (the "TTLA"), asserting the theft of estate property. *Id.* at *1. The TTLA allows the prevailing party to recover reasonable costs and necessary attorney's fees. *Id.* The defendant raised the issue of attorney's fees in his pleadings but failed to provide any evidentiary basis supporting an attorney's fee award during trial. *Id.* The court issued a final order dismissing all claims as well as the defendant's request for attorney's fees. *Id.* After the court's order became final, the defendants moved for attorney's fees and costs under the Bankruptcy Code and Federal Rules of Civil Procedure. *Id.* Although the Texas statute authorized an attorney's fee award, the court held that the defendant's claim for attorney's fees was barred under res judicata because the defendant failed to provide proof of their claim at trial. *Id.* at *3.

Similarly, Rohifard filed his qui tam claim under Texas Human Resources Code § 36.110, which allows a prevailing plaintiff to recover "from the defendant an amount for reasonable expenses, reasonable attorney's fees, and costs that the court finds to have been necessarily incurred." Tex. Hum. Res. Code § 36.110(c). Further, the issue of whether Rohifard's attorney's fees would be paid from settlement proceeds was disputed and subject to significant briefing from the parties. Rohifard's own pleadings reflect a proposed award of

$412,440.80, which corresponds to a 45% contingency fee to his attorneys from the settlement proceeds.  (Case No. 16-34221; ECF No. 337 at 1).

At the November 7, 2017 hearing the parties were presented with the option to participate in an evidentiary hearing to determine the allocation of the attorney's fees.  (*See* October 5, 2017 Courtroom Minutes).  Ultimately the parties agreed to waive their right to an evidentiary hearing and appeal, and accepted the Court's allocation of fees.  (November 7, 2017 Hearing at 2:21 p.m.).  The allocation was not appealed.  The Order became final.

The record from the November 7, 2017 hearing also contradicts Rohifard's contentions that the Court did not approve Brewer & Pritchard's fees.  The Court determined that—in the case of a qui tam award in which the State of Texas was a participant—the Court should award attorney's fees based on the gross recovery to all participants.  In reaching that determination, the Court applied principles of contract interpretation, qui tam law, and the common fund doctrine. *Boeing Co. v. Ban Gemert*, 444 U.S. 472, 478 (1980) ("[A] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole."); *Golman-Hayden Co., Inc., v. Fresh Source Produce, Inc.*, 217 F.3d 348, 352 (5th Cir. 2000).

The Court specifically considered the fee agreements between Rohifard and his attorneys. (November 7, 2017 Hearing at 2:02 p.m.).  In the presence of the parties, the Court reviewed the fee agreements and reduced the Brewer & Pritchard's contingency fee from 45% to 40% in accordance with the fee agreement's requirement that a 45% rate would apply to a verdict after trial.  (November 7, 2017 Hearing at 2:04 p.m.; ECF No. 17-1 at 2).

Similar to *Wilson*, a state law claim authorized the recovery of attorney's fees.  However, unlike *Wilson*, the issue of attorney's fees was presented by the parties and determined through a

final order issued by the Court with the consent of the parties.  (November 7, 2017 Hearing at 2:21 p.m.).  Accordingly, a final judgment on the merits occurred in this case, satisfying the third element of res judicata.

*Same Causes of Action*

The final element of res judicata requires that the same claim or cause of action was involved in both actions.  *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 572 (5th Cir. 2005).  Brewer & Pritchard argue this element is satisfied because adjudicating Rohifard's malpractice claim arises out of the same common nucleus of operative facts as the Court's November 7, 2017 Order dividing the settlement proceeds.  (ECF No. 2 at 14–15).  Conversely, Rohifard argues that the common nucleus of operative facts differs between the suits because his current suit seeks to determine whether the attorney's fee award was a part of the Rohifard's gross recovery, which would then be allocated to the attorneys per their contingency fee agreements.  (ECF No. 17 at 17–18).

The Fifth Circuit has adopted the transactional test to determine whether two suits involve the same causes of action.  *Id.*  The preclusive effect of a judgment extends to "all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose."  *Id.*  "What grouping of facts constitutes a "transaction" or a "series of transactions" must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."  *Id.*  The determinative issue is whether the two actions are based on the "same nucleus of operative facts."  *Id.*

Both parties cite *In re Interlogic Trace, Inc.* to support their positions regarding this element.  200 F.3d 382, 386–88 (5th Cir. 2000).  In *Interlogic*, a chapter 11 debtor retained an accounting firm to prepare public SEC disclosures and assist the debtor with an examination from the IRS.  *Id.* at 384.  The debtor's proposed plan of reorganization was confirmed; however, issues with the debtor's liquidity and financial health surfaced.  *Id.*  Although the debtor believed that its financial problems were attributable to the accounting firm's malpractice, it failed to raise those issues before the bankruptcy court in order to preserve its newly confirmed plan.  *Id.*  In a fee application hearing, the bankruptcy court approved the majority of the accounting firm's requested fees and the debtor failed to raise any objections.  *Id.* at 385.  The debtor's plan eventually failed, resulting in a second bankruptcy case which was converted to a chapter 7 liquidation.  *Id.*  The chapter 7 trustee then filed suit to recover for the accounting firm's alleged malpractice.  However, that suit was dismissed because the confirmed fee application precluded the later litigation under res judicata.  *Id.* at 385–86.

The disputed issue in *Interlogic* was whether the two causes of action arose from a common nucleus of operative facts.  *Id.* at 386.  The trustee argued that the two causes of action differed because the fee application was a factual inquiry, based on whether the accounting firm provided services for the hours it billed and whether the rates charged were reasonable.  *Id.*  The trustee's suit, on the other hand, addressed whether the accounting firm failed to perform its professional duties.  *Id.* at 387.  The Fifth Circuit rejected this argument, holding that the fee application hearing "implied a finding of quality and value in [the accounting firm's] services" and that the trustee's subsequent malpractice claims challenged both the sufficiency and value of the accounting firm's services.  *Id.*  As a result, both claims arose from the same common nucleus of operative facts.  *Id.* at 388.

The facts in this dispute parallel those in *Interlogic*. The award of attorney's fees from the qui tam action was a disputed issue in ABC's bankruptcy case. (Case No. 16-34221; ECF No. 334 at 8). This dispute led to the Court's November 7, 2017 Order which allocated the settlement proceeds between the State, Dr. Rohifard, and the attorneys. (November 7, 2017 Hearing at 2:21 p.m.). As discussed earlier, the Court also examined the parties' fee agreements and adjusted the contingency rate downward to 40% because the dispute was settled rather than litigated. (November 7, 2017 Hearing at 2:04 p.m.). Rohifard's current suit challenges the same nucleus of operative facts the court considered in the November 7, 2017 Order—the interpretation of the fee agreements between the parties and the division of settlement proceeds among the parties and attorneys. Accordingly, the fourth element of res judicata is satisfied.

Rohifard argues that no such determination was made because the court never awarded Brewer & Pritchard's fees in accordance with the requirements in 11 U.S.C. § 330. (ECF No. 17 at 17). However, compensation awarded under § 330 applies to the Trustee, professionals employed by the Trustee, or professionals employed by committees. *See generally* 11 U.S.C. §§ 327, 330, and 1103. Brewer & Pritchard were Rohifard's attorneys in the qui tam suit against ABC and were not employed as estate or committee professionals. Thus, their fee agreement is not governed by § 330. Additionally, the significant briefing and discussions regarding attorney's fees during the November 7, 2017 hearing should have put Rohifard on notice that an award of attorney's fees was at issue. Similar to *Interlogic*, the appropriate time to raise the issue of whether the settlement proceeds were correctly divided occurred during the November 7, 2017 hearing rather than in a subsequent suit which seeks to challenge those same facts. As a result, Brewer & Pritchard have satisfied the fourth element of res judicata, establishing that the two claims arise from the same common nucleus of operative facts.

*Ability to Litigate Claims in Earlier Proceeding*

Despite satisfying all four elements of res judicata, Brewer & Pritchard must also demonstrate that Rohifard could and should have brought his claims in the earlier proceeding. *D-1 Enter., Inc., v. Commercial State Bank*, 864 F.2d 36, 38 (5th Cir. 1989). If a claim cannot be effectively litigated, it is not subject to preclusion. *In re Howe*, 913 F.2d 1138, 1146 (5th Cir. 1990).

Rohifard argues that the alleged breach of contract did not occur until after the settlement proceed were disbursed. (ECF No. 17 at 19). Further, Rohifard alleges that he could not have brought the present claims during the November 7, 2017 hearing because Brewer & Pritchard's representations led him to believe the attorney's fee awards were part of his gross recovery. (ECF No. 17 at 18–19). Brewer & Pritchard counter that Rohifard was present in the courtroom at the November 7, 2017 hearing and consented to the division of settlement proceeds in lieu of an evidentiary hearing without objection. (ECF No. 2 at 16–17).

The pleadings filed in anticipation of the November 7, 2017 are indicative of whether Rohifard's claims could be litigated in the first proceeding. The brief filed on Rohifard's behalf suggested distributing the settlement proceeds in three tranches:

> (a) from the gross settlement amount, deduct 100% of the State's and Dr. Rohifard's individual claims (i.e., state's "notice of overpayment" and Dr. Rohifard's breach of contract and retaliation claims); (b) deduct reasonable and necessary attorney fees and expenses on a contingency fee basis (expressed as a percentage of the entire settlement amount); and (c) from the net, allocate 70% to the State and 30% to Dr. Rohifard.

(Case No. 16-34221; ECF No. 334 at 10). This suggestion is sufficient to provide Rohifard with notice that his portion of the settlement proceeds were distinct from his attorney's. Additionally, at the November 7, 2017 hearing, the Court specifically addressed the parties and divided the

settlement individually to the State, Rohifard, and the attorneys, again demonstrating to Rohifard that his recovery was separate from his attorneys.

Finally, the Court's decision to adjust the attorney's contingency fee from a 45% to a 40% fee after reviewing the fee agreements demonstrates that Rohifard could have brought these claims in the prior proceeding.  (November 7, 2017 Hearing at 1:56 p.m.).  Rohifard's complaint alleges that Brewer & Pritchard breached their fee agreements by receiving a greater recovery than their contingency fee agreement entitled them to.  (ECF No.17 at 18).  However, these facts were plainly before Rohifard at the November 7, 2017 hearing.  The Court stated that Rohifard would receive $652,000.00 from the settlement while his attorneys would receive $1,881,000.00 reflecting 45% of the recovery.  (November 7, 2017 Hearing at 1:56 p.m.).  However, the Court then reduced the attorney's award to reflect a 40% recovery after reviewing the fee agreements between the parties, which only awarded a 45% recovery for claims which went to trial. (November 7, 2017 Hearing at 2:04 p.m.).

Each element of Rohifard's current claim was presented to him at the November 7, 2017 hearing: his portion of the settlement proceeds, his attorneys' recoveries, and the terms of the fee agreement.  Rohifard was presented with a full and fair opportunity to litigate these claims at the November 7, 2017 hearing, but failed to.  Accordingly, his current claims are barred under the doctrine of res judicata.

### Conclusion

The Court will issue an Order consistent with this Memorandum Opinion.

SIGNED **February 21, 2019.**

Marvin Isgur

UNITED STATES BANKRUPTCY JUDGE