IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| ABC DENTISTRY, P.A., *et al* | § | CASE No. 16-34221 |
| | § | |
| Debtor(s) | § | CHAPTER 11 |
| | § | |
| | § | JOINTLY ADMINISTERED |

| | | |
|---|---|---|
| SAEED ROHI | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *v.* | § | ADVERSARY NO. 18-03205 |
| | § | |
| BREWER & PRITCHARD, P.C., *et al.* | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S SECOND MOTION TO REMAND**

Defendants Brewer & Pritchard, P.C.,[1] J. Mark Brewer, and A. Blaire Hickman ("Defendants") hereby respond to Plaintiff's second motion to remand, and in the alternative, motion for reconsideration in Adv. Pro. No. 18-03205; *Saeed Rohi v. Brewer & Pritchard, P.C., et al;* (the "**Adversary Action**").[2]  Defendants assert that this Court *still* has jurisdiction over the amended complaint of Plaintiff Saeed Rohi ("Plaintiff" or "Rohi").  The Bankruptcy Court is vested with original and exclusive jurisdiction for all cases under title 11 as well as original (but not exclusive jurisdiction) for cases arising under, arising in, or related to title 11.  28 U.S.C. § 1334(a), (b).  The Court has continuous jurisdiction to interpret and enforce its own orders. *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (citing *Local Loan Co. v. Hunt*, 292 U.S. 234, 239 (1934)).  It is

---

[1] "Brewer & Pritchard, a Professional Corporation" is the name of this party.  It is referred to herein as "Brewer & Pritchard, P.C."

[2] *See* Rohi's *Second* Motion to Remand, Adv. Pro. No. 18-03205, [Docket #64].

horn-book law that jurisdiction is determined **at the time of removal**, and subsequent post-removal amendments to the removed complaint do <u>not</u> affect properly established jurisdiction. Additionally, this Court has previously denied Plaintiff's motion to remand, and the U.S. District Court affirmed this Court. The Court of Appeals for the Fifth Circuit reversed *on other grounds*. This Court's jurisdiction should also be upheld under the "law-of-the-case" doctrine.

## BACKGROUND

1.      ABC Dentistry, P.A., ABC Dentistry West Orem, P.L.L.C., and ABC Dentistry Old Spanish Trail, P.L.L.C. ("ABC" or "Debtors") filed for bankruptcy on August 26, 2016, after the entry of summary judgment against them in Case 2014-41707, 281st Judicial District Court, Harris County, Texas, styled *Saeed Rohi, DDS v. Iraj. S. Jabbary, et al*. ABC removed the 281st Judicial District Court case the same day. The bankruptcy cases were jointly administered under Case 16-34221 and closed on June 13, 2018 [Docket #384]. They were reopened by the Court on July 9, 2018, on the motion of Defendants. [Docket #396].

2.      Rohi was a relator in the underlying *qui tam* suit against the Debtor.[3] Defendants represented Rohi. After numerous attempts to divide the proceeds from the Debtor's bankruptcy estate, the court ordered mediation. On July 26, 2017, a second mediation in the *qui tam* action resulted in agreement to a total settlement amount of $4 million, but no agreement could be reached as to how that amount would be apportioned.[4]

---

[3] *See* Memorandum Opinion, Adv. Pro. No. 18-03205, [Docket #32], attached as **Exhibit 1** at p. 2; reported in *Rohifard v. Brewer & Pritchard, P.C. (In re ABC Dentistry, P.A.)*, Nos. 16-34221, 18-3205, 2019 Bankr. LEXIS 560, at *9-11 (Bankr. S.D. Tex. Feb. 21, 2019). All exhibits are incorporated herein for all purposes.

[4] *Id.*

3.      On November 7, 2017, the Bankruptcy Court conducted a hearing to apportion the settlement proceeds.[5]  All parties were present at this hearing, including the State, Rohi, and attorneys from Brewer & Pritchard.[6]  The Bankruptcy Court adjusted the figures and proposed to allocate: "1,599,000 to the State, 720[,000] for Dr. Rohi, and 1,681,000 to the attorneys."[7] Following a short break requested by Rohi's attorneys, the parties consented to the proposed allocation.  All the parties waived their rights to an evidentiary hearing, written order, and appeal.[8] The Bankruptcy Court then ruled orally by stating on the record:

> Just to be sure then.  I'm going to repeat it.  Hopefully, it's exactly what I said before.  The allocation of the settlement proceeds is now orally ordered for the reasons stated on the Record to be as follows: The $4 million will be allocated $1,599,000 to the State of Texas, $720,000 to Dr. Rohi, and $1,681,000 to the attorneys representing Dr. Rohi to be divided by the attorneys in accordance with their own agreements.[9]

4.      The Bankruptcy Court memorialized its oral ruling in a docket entry stating: "The court announced and ordered the division of the proceeds of $4,000,000.00 as follows: "$1,599,000.00 to the State of Texas; $720,000.00 to Dr. Rohi; $1,681,000.00 to the attorneys representing Dr. Rohi to be divided by the attorneys in accordance with their own agreements."[10]

---

[5]  *See* Memorandum Opinion and Order of the U.S. District Court, J. Sim Lake, presiding. Adv. Pro. No. 18-03205, [Docket #54], attached as **Exhibit 3** at p. 16; reported in *ABC Dentistry, P.A. v. Brewer & Pritchard*, No. H-19-0682, at *17 (S.D. TEX. Dec. 17, 2019).

[6]  **Exhibit 1** at p. 3.

[7]  **Exhibit 3** at pp. 16-17.

[8]  **Exhibit 3** at p. 17.

[9]  **Exhibit 3** at p. 17.

[10]  **Exhibit 3** at p. 17.  In so ruling, Defendants assert that this Court "implied a finding of quality and value" of the legal services rendered by Defendants.  *See In re Intelogic Trace, Inc.*, 200

5.      By mid-December 2017, Debtors had paid $660,377.64 into the Court's registry. Pursuant to this Court's December 13, 2017 Order,[11] all funds held in the Court's registry were disbursed.  These disbursements led to a dispute between Rohi and his attorneys at Brewer & Pritchard (Defendants) regarding the division of the funds.

6.      There is no dispute that the Bankruptcy Court had core jurisdiction over the Rohi's *qui tam* action.[12]  Nor is there any dispute that the settlement proceeds from that action were paid by the bankruptcy estate.

7.      Eventually, Rohi filed suit on June 4, 2018 **in state court**, alleging breach of contract, breach of fiduciary duty, violations of the Texas Deceptive Trade Practices and Theft Liability Acts, and money had and received.[13]

## REMOVAL TO BANKRUPTCY COURT

8.      Before answering Rohi's complaint, Brewer & Pritchard filed a motion with this Court to reopen ABC's bankruptcy case, and remove Rohi's state court lawsuit.[14]  The Court provisionally granted Brewer & Pritchard's motion to reopen the bankruptcy case, but reserved the question of whether the Court had jurisdiction, and authority to adjudicate this dispute.[15]

---

F.3d 382, 387 (5th Cir. 2000).

[11] BK Case 16-34221 [Docket #359].

[12] **Exhibit 3** at p. 18.

[13] **Exhibit 1** at 5.

[14] *See* Notice of Removal; Adv. Pro. No. 18-03205; Docket #1; Case 4:19-cv-00682; Docket #17 at 9.

[15] BK Case No. 16-34221; Docket #392.

9.      On July 25, 2018, Defendants filed their notice of removal pursuant to 28 U.S.C. § 1452(a), FED. R. BANKR. P. 9027, and Local Rule of Bankruptcy Procedure 9027-1, asserting that "[t]he Court has jurisdiction over one or more of the causes of action in the Adversary Action pursuant to its 'arising under' or 'arising in' jurisdiction under 28 U.S.C. § 157(b)."[16]  On July 26, 2018, Defendants filed a motion to dismiss arguing that Rohi's state court action was barred by res judicata pursuant to the Bankruptcy Court's November 7, 2017 Order. [17]

10.     On August 3, 2018, Rohi filed his first motion to remand and abstain.[18]  After conducting hearings on August 13, 2018, and September 20, 2018, the Bankruptcy Court issued the February 21, 2019, Memorandum Opinion granting Defendants' motion to dismiss and denying Rohi's motion to remand and abstain.[19]  The Bankruptcy Court also dismissed Rohi's claims.[20]

11.     This Court found that the underlying state court dispute centered on the interpretation of the Court's November 7, 2017 Order, conferring it with "arising in or under" jurisdiction under 28 U.S.C. § 1334(b). *See Travelers Indemn. Co.*, 557 U.S. at 151 (recognizing that a bankruptcy court "plainly has jurisdiction to interpret and enforce its own prior orders").[21]

---

[16] *See* Notice of Removal; Adv. Pro. No. 18-03205; Docket #1.

[17] *See* Motion to Dismiss; Adv. Pro. No. 18-03205; Docket #2.

[18] Case 4:19-cv-00682; Docket #2 pp. 216-65.

[19] See **Exhibit 3** at p. 8; *see also* Order of Bankruptcy Court, Adv. Pro. No. 18-03205; attached as **Exhibit 2**; Docket #33.

[20] *See* **Exhibit 2** [Docket #33].

[21] **Exhibit 3** at p. 6.

12.     On February 25, 2019, Rohi appealed to the U.S. District Court.[22]  Rohi sought reversal based on whether the Bankruptcy Court: (1) erred by concluding that it had jurisdiction over Rohi's state law claims, (2) abused its discretion by declining to grant Rohi's requests for mandatory and/or permissive abstention, (3) erred by granting Defendants' motion to dismiss based on res judicata, and (4) abused its discretion by denying Rohi's request for leave to amend his complaint.[23]  On December 17, 2019, the Honorable Sim Lake rejected all of Rohi's arguments, affirmed the bankruptcy court and entered final judgment against Rohi.[24]

13.     Specifically, the U.S. District Court affirmed the Bankruptcy Court, held that it had jurisdiction, and it did not err in denying the motion to remand.[25]

14.     On January 6, 2020, Rohi appealed the U.S. District Court's order to the U.S. Court of Appeals for the Fifth Circuit.[26]  On October 28, 2020, the Fifth Circuit held that denial of Rohi's motion for leave to amend his complaint was error.  *See Rohi v. Brewer (In re ABC Dentistry, P.A.)*, No. 20-20005 (5th Cir. October 28, 2020).[27]  No other issue presented by Rohi was sustained.  The Fifth Circuit reversed, and remanded the case with instructions that Rohi's motion for leave to amend be granted.  *See id.* at slip op. *3.

---

[22] Adv. Pro. No. 18-03205; Docket #36.

[23] **Exhibit 3** at p. 10.

[24] **Exhibit 3** at pp. 10-11, 18 & 52.

[25] **Exhibit 3** at pp. 10-11, 18 & 52.

[26] Case 4:19-cv-00682; Docket #22-1.

[27] Fifth Circuit opinion is attached as **Exhibit 4**; *see Rohi v. Brewer (In re ABC Dentistry, P.A.)*, No. 20-20005 (5th Cir. October 28, 2020).

15.     On January 18, 2021, Rohi amended his complaint in bankruptcy court.[28]  Rohi's amended complaint to add two parties, attorney Charles E. Long ("Long") and Long's law firm, Cage, Hill & Niehas, LLP.[29]  Charles Long represented Rohi in the underlying bankruptcy case. Rohi's amended complaint added three causes of action: fraud (with subcategories), aiding and abetting, and conversion.[30]  Rohi also alleged 'conspiracy.'[31]  Rohi dismissed two causes of action by amendment: breach of contract and violation of the theft liability act.[32]

## ARGUMENT AND AUTHORITIES

### 'Horn book law' provides that jurisdiction is determined at time of removal.

16.     For the reasons explained below, Rohi's amendment and voluntary dismissal of claims, will not affect the Bankruptcy Court's jurisdiction over this Adversary Action.

17.     Plaintiff Rohi argues that this Court should re-assess its jurisdiction in light of his amended complaint.  Rohi's second motion for remand states:

> Dr. Rohi amended his complaint pursuant to this Court's order [Docket #61] following the Fifth Circuit's reversal."[33]  **There**, Dr. Rohi makes clear that he is **not challenging this Court's November 2017 allocation**.  Instead, Dr. Rohi is challenging Defendants' failure

---

[28] Plaintiff Rohi's Amended Complaint is attached hereto as **Exhibit 5** (Docket #63).

[29] **Exhibit 5;** Adv. Pro. No. 18-03205; Docket #63 at pp. 1-2.

[30] **Exhibit 5**; Adv. Pro. No. 18-03205; Docket #63 at pp. 18, 21 & 23.

[31] **Exhibit 5**; Adv. Pro. No. 18-03205; Docket #63 at p. 21.

[32] **Exhibit 5**; Adv. Pro. No. 18-03205; Docket #63.  Defendants assert that dismissal of Plaintiff Rohi's cause of action for alleged violation of the Texas theft liability act constitutes a final disposition in favor of Defendants.  Therefore, as prevailing parties, Defendants are entitled to their attorneys' fees.  *See* TEX. CIV. PRAC. & REM. CODE § 134.005(b).

[33] **Exhibit 5**; Adv. Pro. No. 18-03205; Docket #63.

to follow through on agreements and promises that Defendants [allegedly] made.[34]

(Emphasis added).  In short, Rohi alleges that his lawyers entered a secret agreement with him that allegedly supersedes the Bankruptcy Court's November 7, 2017 allocation Order, to which Rohi consented.[35]  Rohi argues that new facts in his amended complaint distinguishes his state court action from an impermissible attempt to circumvent the Bankruptcy Court's final order and allocation.  But Rohi's argument fails to justify remand or reconsideration of the Bankruptcy Court's jurisdiction.  All of Rohi's claims are **dependent** upon the interpretation of rights created in bankruptcy.[36]

18.    As this Court stated in its Memorandum Order:

The Court's November 7, 2017 Order resolved the *qui tam* action against ABC and divided the $4,000,000.00 of settlement proceeds from ABC's bankruptcy estate.  The Order addressed a question that was within its **core jurisdiction** under 28 U.S.C. § 157 (b)(2)(A), (L), and (O) as "matters concerning the administration of the estate" and "proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship."  This brings the Court's original [November 7, 2017] Order within **"arising in or under" jurisdiction**, conferring the Court with jurisdiction to interpret and enforce that Order.[37]

19.    This Court correctly rejected Rohi's *first* motion to remand.  This Court correctly concluded that it had "arising in or under" jurisdiction under section 1334(b) because it "has continuous jurisdiction to interpret and enforce its own orders" and this "dispute lies in the

---

[34]  *See* Plaintiff's Second Motion for Remand at p. 5; Adv. Pro. No. 18-03205; Docket #64.

[35]  **Exhibit 5**; Adv. Pro. No. 18-03205; Docket #63 at p. 8 ("In other words, Brewer, in the presence Long and Hickman, **told Dr. Rohi that, no matter the bankruptcy court's allocation**, the gross recovery    meaning the recovery to Brewer & Pritchard and Dr. Rohi    would be split with 55 percent going to Dr. Rohi and 45 percent going to Brewer & Pritchard...") (Emphasis added).

[36]  *See* **Exhibit 3** at p. 16.

[37]  **Exhibit 1** at pp. 8-9.

interpretation of the Court's Order dividing the settlement proceeds." *Rohifard v. Brewer & Pritchard, P.C. (In re ABC Dentistry, P.A.)*, Nos. 16-34221, 18-3205, 2019 Bankr. LEXIS 560, at *9-11.[38]

20.     Jurisdictional facts are determined "**as of the time the complaint is filed**; subsequent events cannot serve to deprive the court of jurisdiction once it has attached." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998). That is, in the context of removal, "[t]he jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). This follows from the "long-established general rule, holding that jurisdictional facts are determined at the time of removal, and consequently **post-removal events do not affect that properly established jurisdiction**." *La. v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014). Under this general rule, Rohi's amended complaint cannot not divest the court of jurisdiction. *See Gebbia,* 233 F.3d at 883; *see, e.g., Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987) (post-removal amendments to pleadings will not divest the court of jurisdiction). Artful pleading in Rohi's amended complaint does not justify remand now.

21.     In *GlobeRanger Corp. v. Software Ag U.S. of Am., Inc.*, 836 F.3d 477, 488 & 490 (5th Cir. 2016), the Fifth Circuit explained why post-removal amendments do not divest the federal court of jurisdiction:

> Before delving into Globe Ranger I, we begin with some basic principles of federal jurisdiction that inform our reading of it. First is the 'fundamental principle' that jurisdiction is determined based on the time of removal. This removal rule is a corollary of the 'time-of-filing rule' that governs jurisdictional determinations for cases originally filed in federal court. A rule of '**horn book law**,' the

---

[38]  **Exhibit 1** at p. 7.

time-of-filing rule traces at least as far back as an 1824 Supreme Court case holding that **jurisdiction depends upon the state of things at the time of the action brought**. Both the time-of-filing and time-of-removal rule make sense. It would be inefficient for the court, as well as for litigants, if the power of the court to decide a case could exist at the outset, but later disappear based on changed circumstances.

*GlobeRanger*, 836 F.3d at 488 & 490 (citations omitted) (emphasis added).[39]

22.     Consequently, this Court's jurisdiction is based on the claims in the operative state-court petition **when the case is removed**. *See Louisiana. v. Am. Nat'l Prop. Cas. Co.*, 746 F.3d at 636-37. Whether Rohi alleged new facts that support his claims is irrelevant. Rohi's amended complaint does not effect the Bankruptcy Court's jurisdiction.

## *Second* Motion to Remand should be denied under the law-of-the-case doctrine.

23.     Additionally, pursuant to the law-of-the-case doctrine, this Court's original ruling on the motion to remand should control the disposition of Rohi's second motion to remand.

24.     The law-of-the-case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issue in subsequent stages in the same case." *Medical Ctr. Pharm. v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)).[40] Under law-of-the-case doctrine, "an issue of ... law decided on appeal may not

---

[39] Citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (citing *Barney v. Latham*, 103 U.S. 205, 215-16 (1880)) ("The right of removal ... depends upon the case disclosed by the pleadings as they stand when the petition for removal is filed"), and *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570-71, 580 (2004) ("The time-of-filing rule is what it is precisely because the facts determining jurisdiction are subject to change, and because constant litigation in response to that change would be wasteful.").

[40] The law-of-the-case doctrine is called the "mandate rule" when it embodies the policy that a district court on remand must obey the letter and the spirit of the earlier decision of an appeals court. *See United States v. Becerra*, 155 F.3d 740, 753 (5th Cir.1998), abrogated on other grounds as stated in *United States v. Farias*, 481 F.3d 289, 292 (5th Cir.2007).

be reexamined by the lower court on remand or by the appellate court on a subsequent appeal." *United States v. Lee*, 358 F.3d 315, 320 (5ᵗʰ Cir.2004) (citation omitted).

25.     The law-of-the-case doctrine follows from the "sound policy that when an issue is once litigated and decided, that should be the end of the matter." *United States v. United States Smelting Ref. & Mining Co.*, 339 U.S. 186, 198, 70 S.Ct. 537, 544 (1950).  It is an exercise of judicial discretion, not a limit on judicial power. *See Messinger v. Anderson*, 225 U.S. 436, 444, 32 S.Ct. 739, 740 (1912).

26.     The Brewer & Pritchard Defendants assert that this Court's jurisdiction has been adjudicated conclusively at an earlier stage in the proceedings.  On February 21, 2019, this Court denied Rohi's *first* motion to remand.[41]  This Court ruled that the underlying state court claims depended upon interpretation of this Court's November 7, 2017 Order.[42]  This Court held that it had jurisdiction over the claims with "arising in or under" jurisdiction under 28 U.S.C. § 1334(b). *Citing Travelers Indemn. Co.*, 557 U.S. at 151 (holding that a bankruptcy court "plainly has jurisdiction to interpret and enforce its own prior orders").[43]

27.     On February 25, 2019, Rohi appealed to the U.S. District Court.[44]  Among other issues, Rohi sought reversal based on whether the Bankruptcy Court erroneously concluded that it had jurisdiction over Rohi's state law claims.[45]  On December 17, 2019, the district court affirmed

---

[41] See **Exhibit 3** at p. 8; *see also* Order of Bankruptcy Court, Adv. Pro. No. 18-03205; attached as **Exhibit 2**; Docket #33.

[42] **Exhibit 1** at pp. 6-7.

[43] **Exhibit 1** at p. 7.

[44] Adv. Pro. No. 18-03205; Docket #36.

[45] **Exhibit 3** at p. 10.

Defendants' Response to Plaintiff's Second Motion to Remand

the Bankruptcy Court, held that it had jurisdiction, and held it did <u>not</u> err in denying the motion to remand.[46]

28.     On January 6, 2020, Rohi appealed the district court's opinion to the Fifth Circuit.[47] Again, Rohi argued that district court erred when it affirmed the bankruptcy court ruling that it had "arising in or under" jurisdiction over Rohi's state-law claims, and affirmed the bankruptcy court's denial of Rohi's motion to remand.[48]

29.     The Fifth Circuit reversed *on other grounds*, and held that denial of Rohi's motion for leave to amend his complaint was error.[49]  The Fifth Circuit remanded the case with instructions that Rohi's motion for leave to amend be granted.[50]  But Rohi's attack on bankruptcy court jurisdiction was not sustained.  The Fifth Circuit did not reverse on jurisdictional grounds.

30.     Here, Brewer & Pritchard Defendants assert that the law-of-the-case should govern this Court's decision on Rohi's second motion to remand.  This Court's denial of the *first* motion to remand should control.  *See, e.g., Medical Ctr. Pharm. v. Holder*, 634 F.3d at 834.  The issue of Bankruptcy Court jurisdiction has been litigated and decided.  The second motion to remand should be denied.

**Adoption of Defendants' original response to first motion to remand**.

31.     Lastly, pursuant to FED. R. CIV. P. 10(c) and FED. R. BANKR. P. 7010, Brewer & Pritchard Defendants expressly adopt by reference their response to the *first* motion for remand filed

---

[46] **Exhibit 3** at pp. 10-11, 18 & 52.

[47] Case 4:19-cv-00682; Docket #22-1.

[48] Brief of Appellant in *Rohi v. Brewer,* No. 20-20005 (5th Cir. 2020), at p. 14.

[49] **Exhibit 4** at slip op. *3.

[50] **Exhibit 4** at slip op. *3-4.

on September 6, 2018 [Docket #21].[51]  Brewer & Pritchard Defendants adopt and hereby incorporate their first response, *into this response* to Plaintiff's *second* motion for remand.

## CONCLUSION

Rohi's second motion to remand should be denied.

This Court has continuous jurisdiction to interpret and enforce its own orders. *Travelers,* 557 U.S. at 151.  Rohi's claims are dependent on an interpretation of the November 7, 2017 Order.  This Court still has "arising in or under" jurisdiction under 28 U.S.C. § 1334(b).  Further, it's horn-book law that jurisdiction is determined at the time of removal.  Rohi's amended complaint does not divest the Bankruptcy Court of jurisdiction.  Further, pursuant to the law-of-the-case doctrine, this Court's initial ruling on Rohi's first motion to remand should control. The initial denial of Rohi's motion to remand was affirmed by the district court.  Despite appeal to the Fifth Circuit, it was not reversed on jurisdictional grounds.  The jurisdictional issue already has been litigated and denied.  Defendants further ask for such other and further relief to which they may be justly entitled.

Date:   February 11, 2021.

Respectfully submitted,

**ZIMMERN LAW FIRM, P.C.**

/s/ Kenneth A. Zimmern
Kenneth A. Zimmern, SDTX 13757
Zimmern Law Firm, P.C.
8584 Katy Freeway, Suite 103
Houston, Texas 77024
(713) 529-4999
attorney@zimmern.com

Sean Ryan Buckley, SDTX 25833
Sean Buckley & Associates, P.L.L.C.

---

[51] Response to *First* Motion to Remand; Adv. Pro. No. 18-03205; Docket #21.

770 S. Post Oak Ln., Suite 620
Houston, TX 77056
(713) 380-1220
buckleyfirm@gmail.com

COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

A copy of the foregoing document has been filed on this day, February 11, 2021, in accordance with Federal Rules of Civil Procedure and served to all counsel of record using the court's CM/ECF system.

/s/ *Kenneth A. Zimmern*
Kenneth A. Zimmern