

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
03/12/2021

| | | |
|---|---|---|
| IN RE: | § | |
| ABC DENTISTRY, P.A., *et al*, | § | CASE NO: 16-34221 |
|     Debtors. | § | |
| | § | CHAPTER 11 |
| | § | |
| SAEED ROHI, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 18-3205 |
| | § | |
| BREWER & PRICHARD, P.C., *et al*, | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION

In November 2017, this Court approved a settlement against debtor ABC Dentistry, P.A. The Court also allocated the settlement proceeds. Dr. Saeed Rohi later filed suit in state court against his attorneys, alleging they made material misrepresentations to him for the purpose of securing his approval of the settlement and allocation. His former attorneys removed the case to this Court. Dr. Rohi has filed an amended complaint, which clarifies his allegation that his attorneys made material misrepresentations before obtaining Court approval of the settlement, and then breached their fiduciary duties after this Court entered the settlement. Dr. Rohi now moves to remand this proceeding to state court. Because the alleged unethical or fraudulent conduct directly pertains to whether this Court's order was procured by fraud, this Court has subject matter jurisdiction and the motion to remand is denied.

## BACKGROUND

In 2016, ABC Dentistry, P.A. was a debtor before this Court. During that case, Dr. Rohi settled a Texas False Claims Act suit against ABC Dentistry. *In re ABC Dentistry, P.A.*, 978 F.3d 323, 324 (5th Cir. 2020). Under the Texas False Claims Act, the proceeds of a settlement must be

allocated between the whistleblower (Dr. Rohi) and the State of Texas. The Court approved a $4,000,000.00 settlement on November 7, 2017, and allocated $1,599,000.00 of the settlement to the State of Texas, $720,000.00 to Dr. Rohi, and $1,681,000.00 to Dr. Rohi's attorneys. *Id.*

The disproportionate allocation to the attorneys was based on the Court's determination that attorneys' fees and expense reimbursements should be based on the entire settlement, and not just on the allocation to Dr. Rohi.

During a brief recess, the Court allowed the parties to consult with counsel regarding the proposed allocation. According to Dr. Rohi, "his attorneys made 'material representations . . . about how the gross recovery (including any attorney fee award) would be split to induce [his] consent to the settlement.'" *Id.* He alleges that these misrepresentations included an agreement that he would share in 60% of any attorneys' fee recovery. If there was an agreement as alleged by Dr. Rohi, the Court was not made aware of the secondary agreement. Following the recess, the Court approved the settlement, including the allocation. *Id.* No party appealed. *Id.*

The law firm of Brewer & Pritchard, along with attorney Charles Long, represented Dr. Rohi. *Id.* at 325. Under the representation agreement, Brewer & Pritchard was entitled to 40 percent of the "Gross Recovery," defined as "money 'received from any party' as a result of the representation." *Id.* Dr. Rohi argues that "Gross Recovery" includes both the $720,000.00 allocated to himself, as well as the $1,681,000.00 allocated to his attorneys. "In his view, Brewer & Pritchard is entitled to only 40 percent of the sum of those two amounts—and 40 percent of that sum ($2,401,000) equals $960,400, which is considerably less than the $1,681,000 awarded to the attorneys under the November 2017 order." *Id.*

Contrary to the alleged modified representation agreement, Dr. Rohi alleges that Brewer & Pritchard claimed all of its $1,681,000.00 allocation. Dr. Rohi alleges that Brewer & Pritchard

2 / 9

"wrongfully retained the entire $1,681,000 attorney fee award and claimed it was not part of the gross recovery." (ECF No. 63 at 9). Dr. Rohi further alleges that Brewer & Pritchard billed him for additional fees and expenses in violation of the alleged modified representation agreement. (*See* ECF No. 63 at 9).

Dr. Rohi filed suit against Brewer & Pritchard in Harris County District Court, alleging breach of fiduciary duty, breach of contract, violation of the Deceptive Trade Practices Act ("DTPA"), misapplication of fiduciary property, and violations of the Theft Liability Act. (ECF No. 1-3 at 5-8). Brewer & Pritchard removed the case to this Court, moved to reopen the ABC Dentistry bankruptcy case, and moved to dismiss. (ECF No. 1). The Court granted Brewer & Pritchard's motion to dismiss, holding that res judicata precluded Dr. Rohi from challenging the Court's November 2017 settlement order. *In re ABC Dentistry*, 978 F.3d at 325. The Court denied Dr. Rohi's request to amend his complaint. *Id.*

After the district court affirmed, the Fifth Circuit reversed the dismissal of Dr. Rohi's complaint. The Fifth Circuit noted that Dr. Rohi's proposed amendments included "allegations that Brewer & Pritchard assured him during the recess that they would treat the bankruptcy court's proposed fees as part of Rohi's 'Gross Recovery' under his written agreement with Brewer & Pritchard." *Id.* at 326. Because Brewer & Pritchard made the representations during the recess, Dr. Rohi could not have known that the representations were allegedly false until after the Court approved the settlement. *Id.* The Fifth Circuit held that res judicata did not bar Dr. Rohi's suit because relevant breaches occurred after the Court entered the settlement. *Id.* The Fifth Circuit directed this Court to allow amendment of the complaint. *Id.*

Following remand, Dr. Rohi filed his amended complaint. (ECF No. 63). The amended complaint clarifies that Dr. Rohi's "claims do not seek to challenge the November 2017 order at

all. To the contrary, state-law claims are based entirely on the 'new commitment that induced [Dr. Rohi] to not contest or appeal the November 2017 order.'" (ECF No. 63 at 3 (emphasis in original)). The amended complaint adds allegations of fraud, conspiracy, conversion, and aiding and abetting to the original causes of action. The amended complaint removed Dr. Rohi's breach of contract and Theft Liability Act claims.

## DISCUSSION

The amended complaint brings state law claims related to the misrepresentations Brewer & Pritchard made to Dr. Rohi during the November 2017 hearing. The Court has subject matter jurisdiction over Dr. Rohi's claims. "Bankruptcy subject matter exists (but, of course, is not exclusive) with regard to civil proceedings that are 'arising under' the Bankruptcy Code, or 'arising in' bankruptcy cases, or are 'related to' bankruptcy cases." *In re Brooks Mays Music Co.*, 363 B.R. 801, 807 (Bankr. N.D. Tex. 2007) (quoting 28 U.S.C. § 1334(b)). Subject matter jurisdiction may be challenged at any time. *E.g.*, *Soaring Wind Energy, LLC v. Catic USA, Inc.*, 946 F.3d 742, 750 (5th Cir. 2020) (quoting *Randall & Blake, Inc. v. Evans (In re Canion)*, 196 F.3d 579, 585 (5th Cir. 1999)). "If at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Dr. Rohi argues that the well-pleaded complaint rule applies and demonstrates that this Court lacks subject matter jurisdiction. (ECF No. 64 at 4). When determining the presence of federal question jurisdiction, courts generally follow the well-pleaded complaint rule. *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188 (5th Cir. 2001). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987). Removal of an action to federal court is improper if a complaint, on its face, raises no issue of federal law. *Hart v. Bayer Corp.*, 199 F.3d 239, 244 (5th Cir. 2000). Some courts have

applied the well-pleaded complaint rule "to cases involving bankruptcy jurisdiction under 28 U.S.C. § 1334." *See Malesovas v. Sanders*, 2005 WL 1155073, at *2 (S.D. Tex. May 16, 2005) (citing *Studebaker-Worthington Leasing Corp. v. Michael Rachlin & Co., LLC*, 357 F. Supp. 2d 529, 535 (E.D.N.Y. 2004)). Dr. Rohi argues that his amended complaint alleges exclusively state law claims, so federal subject-matter jurisdiction is not apparent on the face of his well-pleaded complaint.

However, this Court is not persuaded that the well-pleaded complaint rule provides the appropriate test for bankruptcy jurisdiction. As the Bankruptcy Court for the Middle District of Alabama stated in *McIntyre Land Co. v. McIntyre Building Co. (In re McIntyre Building Co.)*, 2011 WL 1434691, at *7 (Bankr. M.D. Ala. Apr. 14, 2011), in bankruptcy "the well-pleaded complaint rule is either rejected outright, or accepted only in instances w[h]ere jurisdiction is predicated on one prong of 28 U.S.C. § 1334(b), which deals with claims 'arising under Title 11.'"

*McIntyre Building* explains that the well-pleaded complaint rule is a court created method for determining federal question jurisdiction. *Id.* at *8 (citing *Rivet v. Regions Bank of La.*, 522 U.S. 470 (1998)). However, "the Supreme Court held that the well-pleaded complaint rule applies only to 'arising under' jurisdiction pursuant to 28 U.S.C. § 1331." *Id.* (quoting *Am. Nat'l Red Cross v. S.G. and A.E.*, 505 U.S. 247, 257 (1992) ("Respondents erroneously invoke that rule outside the realm of statutory 'arising under' jurisdiction, i.e., jurisdiction based on 28 U.S.C. § 1331.")). Bankruptcy courts do not derive their jurisdiction from 28 U.S.C. § 1331. Thus, application of the rule to § 1334 jurisdiction is inappropriate.

Further, "[t]o rely on the well-pleaded complaint rule alone in interpreting [§] 1334 reads the 'arising in' and 'related to' provisions out of [§] 1334." *In re Brooks May Music*, 363 B.R. at 815. "It is simply improper to permit the application of a mere rule of interpretation to limit an act

of Congress." *In re McIntyre Bldg.*, 2011 WL 1434691, at *9. The well-pleaded complaint rule seemingly prohibits bankruptcy courts from analyzing the effect an action might have on a bankruptcy estate. *Id.* ("If one limits oneself to reading within the four corners of the complaint, one would have no way of determining whether a given civil action would or would not have any effect on a bankruptcy estate.").

The *McIntyre Building* court noted that a number of courts have applied the well-pleaded complaint rule to bankruptcy disputes. *Id.* at *8 (citing *Malesovas*, 2005 WL 1155073 (S.D. Tex. May 16, 2005)). However, "[i]t appears that in in all of [those] decisions, the courts have uncritically accepted the proposition the well-pleaded complaint somehow applies to bankruptcy proceedings without explaining how or why it should." *Id.* at *9.

Instead of applying the well-pleaded complaint rule, the Court must look to both the amended complaint and its relation to the ABC Dentistry bankruptcy to determine whether the Court has subject matter jurisdiction. A matter falls within general bankruptcy court jurisdiction if it could have a conceivable effect on the estate. *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987); *EOP-Colannade of Dallas L.P. v. Faulkner (In re Stonebridge Tech., Inc.)*, 430 F.3d 260, 266 (5th Cir. 2005). In some cases, "professional malpractice claims . . . are inseparable from the bankruptcy context." *Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 931 (5th Cir. 1999). Although *Southmark* involved claims against court-appointed professionals, the decision suggests that courts and creditors alike must be able to assure themselves that attorneys in a bankruptcy case behave in accordance with their professional standards. *See id.* Thus, "[a] malpractice claim like the present one inevitably involves the nature of the services performed for the debtor's estate and the fees awarded under superintendence of the bankruptcy court; it cannot stand alone." *Id.* Brewer & Pritchard's services were not

performed "for the debtor's estate," but their fees were "awarded under the superintendence of the bankruptcy court." *See id.*

Dr. Rohi brings state law claims between non-debtor parties. The Fifth Circuit made clear that Dr. Rohi does not seek to directly challenge the Court's November 2017 settlement order. Despite those facts, this Court possesses "arising in" jurisdiction over the amended complaint. *See* 28 U.S.C. § 1334(b). This is because the conduct set forth in the amended complaint involved Dr. Rohi's attorneys making material representations to Dr. Rohi, which directly influenced proceedings before this Court, and then failing to disclose those agreements to the Court.

The November 2017 settlement order concerned the allocation of $4 million of estate funds. While the outcome of this litigation will not alter that amount, Dr. Rohi's allegations cast doubt over the disclosures that the Court relied upon when approving the allocation. If proven true, the misrepresentations did not simply harm Dr. Rohi. The misrepresentations were also used to obtain this Court's approval of the settlement and allocation. The Court may necessarily be required to revisit the November 2017 settlement order pending the results of this litigation. The resolution of this suit may show that estate funds were fraudulently obtained. The re-allocation of estate funds "could have [a] conceivable effect on the estate." *In re Stonebridge Tech.*, 430 F.3d at 266.

Put simply, if the Court had been informed that the attorneys had agreed to share their attorneys' fees with Dr. Rohi, the Court would not have established the allocation that was contained in the Court's order. Any fraud against Dr. Rohi was a simultaneous fraud on the Court. If such a fraud occurred, the Court might vacate the order awarding the attorneys any recovery on the portion of the funds awarded to the State of Texas. It is questionable whether an award

obtained by fraud should not be modified to allow those who committed the fraud to retain any fees.

At the February 25, 2021 hearing on Dr. Rohi's remand motion, the Court expressed concern that the facts set forth in the amended complaint involve conduct well beyond the original complaint. The original complaint made no mention of the alleged deal between Dr. Rohi and his attorneys' during the recess at the settlement hearing. The amended complaint also alleges significant facts regarding conduct leading up to the November 2017 hearing, as well as conduct afterwards. The allegations in the amended complaint hammer home that obtaining this Court's approval of the settlement and allocation was an integral step in Dr. Rohi's attorneys' alleged fraud. Given that the conduct Dr. Rohi alleged includes inducing the Court to approve a settlement and allocation, during a core bankruptcy proceeding, this dispute arises in the ABC Dentistry bankruptcy case. Exercise of jurisdiction is consistent with *Southmark*. 163 F.3d at 931.

The fact that Dr. Rohi does not directly challenge the November 2017 settlement order does not negate that that order and the hearings that led to its issuance are factually central to this dispute. This amended complaint is not just vaguely or tangentially related to the ABC Dentistry bankruptcy. The bankruptcy case is front and center.

Although the facts alleged in the complaint extend beyond representations made before the Court in November 2017, the additional facts relate to a scheme by Dr. Rohi's attorneys to obtain more fees than the retention agreement allowed. Part and parcel to that scheme was obtaining Court approval of the allocation. As the Fifth Circuit stated, "[t]he 'conduct' that Rohi seeks to challenge is the alleged *breach* of fiduciary duty—the failure to follow through on the new representations supposedly made to him *during the November 2017 hearing*." 978 F.3d at 326 (emphasis added and in original). The amended complaint clearly alleges that those

8 / 9

representations were false when they were made. (*See* ECF No. 63 at 8, 18). If proven, that would certainly mean that false representations were made to the Court as well. The facts in the amended complaint illustrate a dispute that 'arose in' this Court both literally and figuratively. The Court retains subject matter jurisdiction and the motion to remand is denied.

## CONCLUSION

A separate order will be entered.

SIGNED 03/12/2021

_____
Marvin Isgur
United States Bankruptcy Judge